

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00372-CR
No. 07-16-00373-CR
No. 07-16-00374-CR

_____

ISAAC J. ADAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court Nos. 1414530D, 1409243D & 1414529D; Honorable Ruben Gonzalez, Jr., Presiding

November 30, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following pleas of not guilty, Appellant, Isaac J. Adams, was convicted by a jury of manslaughter[1] and two counts of aggravated assault causing serious bodily injury.[2]  In addition, the jury also made an affirmative finding on the use of a motor vehicle as a

---

[1] TEX. PENAL CODE ANN. § 19.04 (West 2011).

[2] TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011).

deadly weapon. Appellant was sentenced to concurrent terms of nine years confinement for manslaughter and four years confinement for each count of aggravated assault. In presenting the appeals, Appellant's counsel has now filed an *Anders*[3] brief in support of a motion to withdraw. We affirm the convictions and grant counsel's motion.[4]

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the records in Appellant's cases, and in his opinion, they reflect no potentially plausible basis for reversal of the convictions. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the records support that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the records and file a *pro se* response if he desired to do so,[5] and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[6] By letter, this court granted

---

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] Originally appealed to the Second Court of Appeals, these appeals were transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Second Court of Appeals and this court on any relevant issue, these appeals will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[5] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) (regarding an appellant's right of access to the record for purposes of filing a *pro se* response).

[6] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgments together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

Appellant an opportunity to exercise his right to file a response to counsel's brief. *Id.* at 409 n.23. Appellant has filed a response complaining that he was denied the effective assistance of counsel because his trial counsel failed to raise his incompetency to stand trial and failed to request community supervision. The State did not favor us with a brief.

BACKGROUND

On the afternoon of March 31, 2015, Appellant caused a minor car accident when he reversed his pick-up truck into Bobby Washington's vehicle. Appellant fled from the scene of the accident. He later reported to medical personnel that he was attempting to evade law enforcement after his accident with Washington as he did not have car insurance. He also reported driving up to eighty miles an hour during his getaway on a busy Fort Worth street. When he reached the intersection of South Riverside Drive and East Lancaster Avenue, Appellant attempted to make a left turn without slowing to a safe speed. As a result, he lost control of his vehicle and crashed into the front of a convenience store located on the corner of the intersection. The truck's event data recorder later revealed that Appellant's vehicle was traveling approximately sixty miles an hour when it crashed into the store.

The crash killed Sylvia Zazueta, who was entering the convenience store at that time, and severely injured Leah Pool, a customer, and Billy Russell, a store employee. Zazueta died in the hospital later that evening due to blunt force trauma to her chest and abdomen. Pool sustained numerous rib fractures as a result of being struck by Appellant's vehicle. Russell, who was working at the cash register, was pinned against the wall when Appellant's vehicle crashed through the store and into the check-out counter. He suffered a broken ankle, broken toes, and a knee ligament injury.

Appellant spoke to responding police officers immediately after the crash. The officers suspected he was intoxicated based on his dilated pupils and slurred speech. Appellant later consented to a blood draw after being transported to a hospital to treat his minor injuries. His blood specimen tested positive for THC (marijuana) and alprazolam (Xanax).

By separate indictments, Appellant was charged with manslaughter and two counts of aggravated assault for recklessly causing the death of Zazueta and serious bodily injury to Pool and Russell. The State also sought a deadly-weapon enhancement based on Appellant's use of a motor vehicle during the commission of the offenses. On Appellant's motion, the cases were consolidated for trial. At trial, the jury heard testimony from Washington, Russell, and other witnesses, and was shown video of the crash from inside of the convenience store recorded by security cameras. The State also presented expert testimony from Timothy Lovett, an accident reconstructionist, and Dr. Robert Johnson, a forensic toxicologist. Lovett testified that, based on his examination of the vehicle and wreckage, Appellant's vehicle did not suffer from any mechanical malfunction at the time of the accident. Rather, he opined, Appellant attempted to turn the vehicle while driving at an unreasonable and unsafe speed and the vehicle's tires could not negotiate the turn. In Lovett's opinion, Appellant's vehicle was a deadly weapon by the manner of its use. Dr. Johnson testified to the amount of drugs detected in Appellant's blood and the drugs' half-life, the process of metabolization, and potential effects.

The jury found appellant guilty of manslaughter and aggravated assault and made a deadly-weapon finding. Appellant testified during the punishment phase of the trial. Although the jury instructions permitted the jury to recommend community supervision,

4

the jury sentenced him to nine years confinement for manslaughter and four years confinement for each count of aggravated assault.

ANALYSIS

By the *Anders* brief, counsel concedes there are no meritorious issues to present on appeal. Counsel has evaluated the sufficiency of the indictments, adverse pretrial rulings, jury selection, adverse trial rulings, sufficiency of the evidence, and the jury instructions. He concludes there is no reversible error presented in any of Appellant's cases.

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

With the complaints contained in Appellant's *pro se* response in mind, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support these appeals. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the records, counsel's brief, and Appellant's *pro se* response, we agree with counsel that there is no plausible basis for reversal of Appellant's convictions. *See Bledsoe*, 178 S.W.3d at 826-27.

CONCLUSION

Accordingly, the trial court's judgments are affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.